IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHARLES LEWIS WINLAND,**
      **Plaintiff,**

**v.**                                                          **CIVIL ACTION NO. 3:19-CV-123**
                                                           **(GROH)**

**BETSY JIVIDEN, Commissioner of**
**Corrections,**
**SCOTT E. PAUGH, Superintendent,**
**Martinsburg Correctional Center, and**
**LT. MYERS, Martinsburg Security Detail,**
      **Defendants.**

## <u>REPORT AND RECOMMENDATION</u>

### I.      INTRODUCTION

Plaintiff is a state inmate presently confined at St. Marys Correctional Center, in St. Marys, West Virginia.  Plaintiff was incarcerated pursuant to an order entered on October 2, 2018, for a revocation of sex offender supervised release, in the Circuit Court of Harrison County, West Virginia, case number 6-F-97.  His projected release date is August 31, 2022.  https://apps.wv.gov/OIS/OffenderSearch/DOC/Offender/Search.  On July 31, 2019, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the Defendants violated his constitutional rights, in relation to an illness Plaintiff claimed he suffered as a result of confinement conditions.  ECF Nos. 1, 1-1.  He was confined at Martinsburg Correctional Center when the events occurred which led to the filing of his complaint.  Id.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review.  For the reasons set forth below, this Court recommends that Plaintiff's

complaint be dismissed without prejudice for failure to state a claim.

## II.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff's complaint listed three grounds for relief all of which relate to an illness which caused Plaintiff to be hospitalized.  Plaintiff does not claim that any of the named defendants caused his illness, but he appears to assert that because of defendants' failures to adequately supervise subordinate employees, Plaintiff was subjected to unsafe confinement conditions.  He articulates his grounds as follows: (1) "Defendant Jividen failed to properly instruct and oversee the employees at the Martinsburg Correctional Center"; (2) "Defendant Paugh failed to correct issues raised and properly instruct his employees"; and (3) "Defendant Myers while instructing and overseeing others under his control did intentionally, willfully, and knowingly permit the cruel and unusual punishment . . . of the Plaintiff".  ECF No. 1 at 7 – 8.  Among other claims, Petitioner asserts that on or about January 7, 2019, he was placed in an overheated cell which caused him to perspire, then forced to go outside in cold weather so correctional officers could search his cell, that those conditions caused him to contract double pneumonia.  ECF No. 1-1 at 1.

It appears that Plaintiff believes his constitutional rights were violated when the Commissioner of Corrections, the Superintendent of the Martinsburg Correctional Center and a Martinsburg Security Detail employee failed to supervise subordinate employees.

In the additional pages submitted with his complaint, Plaintiff asserts he filed four grievances, copies of which were attached to his complaint: (1) 19-SMCC 76-1-148 [ECF No. 1-1 at 4 – 5]; (2) 19-SMCC 76-1-149 [Id. at 6 – 7]; (3) 19-SMCC 76-1-150 [Id. at 8]; and (4) 19-SMCC 76-1-151 [Id. at 9].  All four grievances were filed on the same date,

June 3, 2019, and all were rejected as untimely.

Plaintiff claimed that he suffered mental cruelty, contracted of a serious medical illness, was placed in chemically induced coma, and that the long-term effects "are yet to be determined." Id. at 9. Plaintiff seeks $100,000.00 in punitive and compensatory damages, reimbursement of costs and fees, and investigation of the procedures and practices at the Martinsburg Correctional Center. Id.

### III.  LEGAL STANDARD

#### A.    Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[1] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the

---

[1] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

**B.    § 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

###### C.    Defendants' Direct Liability under Eighth Amendment Claims

To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently grave," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The Fourth Circuit restated the rule as, "The first prong is objective and requires that the deprivation be 'sufficiently serious'; the second requires us to determine whether subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016) (internal citations omitted).

As to the first prong, a serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). In King, supra, the Fourth Circuit wrote that as to the second prong:

> Only the "unnecessary and wanton infliction of pain" implicates the Eighth Amendment. The requisite state of mind is thus "one of deliberate indifference to inmate health or safety." While "deliberate indifference entails something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."

825 F.3d at 219 (internal citations omitted). In Farmer v. Brennan, 511 U.S. 825, 837 (1994), the Supreme Court held that:

> We hold [ ] that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and

> disregards an excessive risk to inmate health or safety; the
> official must both be aware of facts from which the inference
> could be drawn that a substantial risk of serious harm exists,
> and he must also draw the inference.

A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that  the risk to which the fact gave rise was insubstantial or nonexistent." <u>Id.</u> at 844.

"It is obduracy and wantonness, not inadvertence or error in good faith that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause. . ." <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986) (citations omitted; internal quotation marks omitted).   A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health."   <u>Morales Feliciano v. Calderon Serra</u>, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing <u>Brock v. Wright</u>, 315 F.3d 158, 162 (2nd Cir. 2003)).


### D.   Defendants' Supervisory Liability Under Eighth Amendment Claims

"Because vicarious liability is inapplicable to [ ] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009).   As stated by the Fourth Circuit, because there is no *respondeat superior* liability under § 1983, supervisory liability lies only "where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights."   <u>Vinnedge v. Gibbs</u>, 550 F. 2d

926, 928 (4th Cir. 1997) (citing Bennett v. Gravelle, 323 F.Supp. 203, 214 (D. Md. 1971) aff'd 451 F.2d 1011 (4th Cir. 1971); Harris v. City of Virginia Beach, 11 Fed. Appx. 212, 215 (4th Cir. 2001). Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1133 (4th Cir. 1982) (abrogated on other grounds by County of Riverside v. McLaughlin, 500 U.S. 44 (1991)).

"We have set forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), Cert. denied, 513 U.S. 813 (1994) (citations omitted).

"To satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." Shaw, 13 F.3d at 799, citing Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). "A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses," however, a plaintiff claiming deliberate indifference "assumes a heavy burden of proof." Shaw, 13 F.3d at

799.  "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff."  Id.

## IV.  ANALYSIS

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted.  Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights."  Wyatt v. Cole, 504 U.S. at 161.  Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right.  Gomez, 446 U.S. at 640.

Plaintiff named as defendants three individuals who are administrators and supervisors, Jividen, Paugh and Myers.  However, Plaintiff fails to state a claim upon which relief may be granted.

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing a case with respect to prison conditions must first exhaust all available administrative remedies.  42 U.S.C. § 1997e.  Exhaustion as provided in § 1997(e)(a) is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court of the United States has determined that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 532 (2002).

In addition, although generally the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case sua sponte on exhaustion grounds.  See Anderson v. XYZ Prison

9

Health Services, 407 F.3d 674, 681 (4th Cir. 2005).  If the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. §1915A to dismiss the case *sua sponte*.  Id. at 682.

Here, failure to exhaust is apparent on the face of the complaint.  Plaintiff attached to his complaint copies of the four separate grievances which he filed on June 3, 2019.  By initialing the space for "Appealed to Commissioner" on each grievance form, it appears that Plaintiff indicated his intention to appeal the resolution of all four claims.  ECF No. 1-1 at 4, 6, 8, 9.  However, Plaintiff has not demonstrated that he actually appealed any of the claims, or made any attempts to do so, other than by initialing the form to indicate an intention to appeal.  Id.  Consequently, it is apparent that Plaintiff failed to exhaust his administrative remedies for any of his four grievances before filing this action in federal court.  Because the failure to exhaust is clear on the face of the complaint, *sua sponte* dismissal of this action is appropriate.[2]

However, even if Plaintiff did exhaust his administrative remedies, he still fails to state a claim upon which relief may be granted.  A "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its

---

[2] Despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements  . . . ," see Booth v. Churner, 532 U.S. at 741, n. 6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances.  See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga.  Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms).  Here, plaintiff has failed to set forth any reason to excuse his failure to exhaust or to demonstrate that he has administratively exhausted his claims.

face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008), quoting <u>Bell Atl. Corp.</u> <u>v. Twombly</u> (emphasis added).   Plaintiff appears to allege that Jividen, Paugh and Myers were directly responsible for his confinement conditions which caused his to contract pneumonia, although all three Defendants are clearly supervisors.   To state a claim for direct liability for an Eighth Amendment violation for ineffective medical assistance, Plaintiff must show that Defendants acted with deliberate indifference to his serious medical needs.   First, Plaintiff has not demonstrated that his medical needs are serious, or that Jividen, Paugh or Myers were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and that Jividen, Paugh or Myers drew such an inference.   Second, Plaintiff has failed to demonstrate that any of the three supervisory Defendants was deliberately indifferent to Plaintiff's medical needs.

Pursuant to <u>Morales</u>, <u>supra</u>, a constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health."

Finally, Plaintiff fails to demonstrate that Defendants, all supervisors for the Division of Corrections or for Martinsburg Correctional Center, were directly liable for his claimed injuries.   Plaintiff does not assert any facts to demonstrate that he can satisfy the first prong of the Shaw test to demonstrate supervisory liability, let alone all three. "To satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the

conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." 13 F.3d at 799. As Plaintiff fails to satisfy the first prong of the Shaw test, it is unnecessary to address the remaining two elements[2].

Because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him. Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). Even when liberally construing Plaintiff's allegations, he fails to assert any claims that the named defendants while acting under the authority or color of state law subjected, or caused him to be subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, or that direct or supervisory liability is appropriate for any of the three Defendants.

Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983, this Court recommends that this matter be dismissed without prejudice.

## V. RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that the complaint [ECF No. 1] should be **DISMISSED WITHOUT PREJUDICE**, based on the failure to state a claim upon which relief can be granted.

It is further **RECOMMENDED** that Petitioner's motion for leave to proceed without prepayment of fees [ECF No. 2] be terminated as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written**

---

[2] Plaintiff did not attempt to satisfy any of the prongs of the Shaw test.

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the pro se Plaintiff at his last known address as listed on the docket and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:        August 2, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE